[No. B193565. Second Dist., Div. Eight. Sept. 12, 2006.]

FRANK MARTINEZ et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
DAN PASLEY et al., Real Parties in Interest.

■■■■■■■■■■■■■■■■■■

## COUNSEL

Rockard J. Delgadillo, City Attorney, David Michaelson, Chief Assistant City Attorney, Valerie L. Flores, Assistant City Attorney, Harit U. Trivedi, Deputy City Attorney; Mayer Brown Rowe & Maw, Philip R. Recht, Allen Erenbaum and Andrew T. Kugler for Petitioners.

No appearance for Respondent.

Jeffrey M. Jacobberger for Real Party in Interest Dan Pasley.

Kaufman Downing, Stephen J. Kaufman and Steven J. Reyes for Real Parties in Interest David Nichols and Liza White.

Raymond G. Fortner, Jr., County Counsel, and Judy W. Whitehurst, Deputy County Counsel, for Real Party in Interest Conny B. McCormack, Registrar-Recorder for the County of Los Angeles.

## OPINION

**RUBIN, Acting P. J.**—In this writ petition, we are called upon to address whether the ballot title adopted by the Los Angeles City Council for Measure

R, consisting in part of a proposed amendment to the city charter to be put before voters in the general election on November 7, 2006, complies with election law. As adopted by the city council, the ballot title to Measure R describes the charter amendment as follows:

"COUNCIL MEMBER TERM LIMITS OF THREE TERMS; CITY LOBBYING, CAMPAIGN FINANCE AND ETHICS LAWS. CHARTER AMENDMENT AND ORDINANCE PROPOSITION ___.

"Shall the Charter be amended and ordinance adopted to: change Councilmember term limits to three terms; restrict lobbyists from making campaign contributions, gifts and becoming commissioners; revise lobbyist registration thresholds; require contractors certify compliance with lobbying laws; extend elected officials' post-employment restrictions; require ethics training; and revise requirements for independent expenditure and campaign contributions?"

Under section 96 of the city's Election Code, all of the quoted language above constitutes the "ballot title." For ease of reference, we shall refer to the uppercase portion as the "heading" and the second, longer part as the "question."

Real party in interest Dan Pasley, a registered Los Angeles voter, objected to the ballot title's question. Pursuing his objection, he filed a petition for writ of mandate in which he asked the respondent court to order the Los Angeles City Clerk to amend the question to read, in relevant part: "Shall the Charter be amended and ordinance adopted to: lengthen Councilmember term limits to three terms . . . ."

On September 1, 2006 (corrected on September 6, 2006), the respondent court issued a writ of mandate granting Pasley broader relief than he had sought. The court directed the Los Angeles City Clerk to amend both the ballot title's heading and question as follows:

"LENGTHENING COUNCILMEMBER TERM LIMITS; CITY LOBBYING, CAMPAIGN FINANCE, AND ETHICS LAWS. CHARTER AMENDMENT AND ORDINANCE PROPOSITION ___

"Shall the Charter be amended and ordinance adopted to: lengthen Councilmember term limits to three terms . . . ?"

The respondent court reasoned its language was "more specific."

On September 8, 2006, the City of Los Angeles, the city clerk, and the chief of the election division of the city clerk's office, filed in this court a

petition for writ of mandate. They sought a writ directing the respondent court to vacate its judgment ordering the city clerk to amend the ballot title. For reasons we shall explain, we grant such relief.

■ A ballot title must not be false, misleading, or partial to one side. (Elec. Code, § 9295; L.A. Elec. Code, § 96.) A ballot title passes muster if it substantially complies with that standard, and we independently review whether it achieves such compliance. (See *Horneff v. City & County of San Francisco* (2003) 110 Cal.App.4th 814, 820–821 [2 Cal.Rptr.3d 79].)

We find nothing in the city council's original ballot title which is false or misleading. Neither do we find the language of the original heading to be partial. Whether the council's phrasing of the question is partial, however, is a closer call. The question could be more complete, and thus more informative, by noting that the measure *increased* the number of terms a council member could serve from two to three; we presume that is the effect the respondent court was trying to reach by inserting what it described as "more specific" language. But the completeness of a ballot question is not the test; the test is whether it is partial (or false or misleading). (See *Amador Valley Joint Union High Sch. Dist. v. State Bd. of Equalization* (1978) 22 Cal.3d 208, 242–243 [149 Cal.Rptr. 239, 583 P.2d 1281]; *Monette-Shaw v. San Francisco Bd. of Supervisors* (2006) 139 Cal.App.4th 1210, 1218, fn. 5 [43 Cal.Rptr.3d 659].) We understand "partial" to mean the council's language signals to voters the council's view of how they should vote, or casts a favorable light on one side of the term limit issue while disparaging the opposing view. By that measure, the council's language is impartial because it does not hint at how the electorate should vote, nor does it disparage one side or the other.

Real party in interest Pasley argues that our decision should be informed by the reality that council members are not disinterested parties; this ordinance increases the number of years they may serve in office. From this correct statement, Pasley concludes that the language chosen by the city council is likewise not impartial. We recognize the parties would not be disagreeing over the language if they did not perceive something were at stake. But it is the ballot title's language which must be impartial, not the claimed motives of the council.

■ To comply with the election statutes, the ballot title need not be the "most accurate," "most comprehensive," or "fairest" that a skilled wordsmith might imagine. The title need only contain words that are neither false, misleading, nor partial. The title adopted by the city council meets that standard, and the judiciary is not free to substitute its judgment given its deferential standard of review. (*Monette-Shaw v. San Francisco Bd. of Supervisors, supra,* 139 Cal.App.4th at p. 1218, fn. 5; *Horneff v. City & County of San Francisco, supra,* 110 Cal.App.4th at pp. 820–821.)

Let a peremptory writ of mandate issue directing the superior court to vacate its order of September 1, 2006 (corrected on September 6, 2006), granting the petition for writ of mandate filed in the superior court, and thereafter enter a new and different order denying that petition for writ of mandate.

Good cause appearing, this court's decision shall become final to this court on filing. (Cal. Rules of Court, rule 24(b)(3).) Petitioners are entitled to recover their costs in this writ proceeding. (Cal. Rules of Court, rule 56(m)(1).)

Boland, J., and Turner, J.,* concurred.

---

*Presiding Justice of the Court of Appeal, Second Appellate District, Division Five, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.